■ MICHAEL EISENBERG, Respondent, v LUNCH BOY, INC., Appellant. [681 NYS2d 263] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about July 24, 1998, which denied defendant's motion for summary judgment, unanimously affirmed, without costs.

An issue of fact exists as to whether defendant restaurant created or had constructive notice of the alleged grease spot on its floor that caused plaintiff to fall, raised by, *inter alia*, the deposition testimony of plaintiff and his co-worker that the floor was greasy and slippery, and the deposition testimony of defendant's manager that persons making daily deliveries of cooking oils, and kitchen employees working with cooking oils, both commonly traversed the customer area of the restaurant (*see*, *Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294; *Henderson v Hickory Pit Rest.*, 221 AD2d 161). Concur—Lerner, P. J., Ellerin, Andrias and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD GATTIS, Appellant. [680 NYS2d 851] —Judgment, Supreme Court, New York County (Colleen McMahon, J.), rendered May 7, 1997, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to a term of 15 years to life, unanimously affirmed.

The court's refusal to deliver a specific interested witness charge with respect to a witness who had entered into a cooperation agreement is not a basis for reversal, since the court gave sufficient general instructions on assessing credibility, including an instruction that the jury could consider motive to falsify, and since the agreement was stressed on cross-examination and summation (*see*, *People v Inniss*, 83 NY2d 653, 659). Concur—Lerner, P. J., Ellerin, Andrias and Saxe, JJ.