■ PASQUALE MURDOCCA, Respondent, v LINDA DIGIOIA, Respondent, and FREDERICK J. NORTON et al., Defendants and Third-Party Plaintiffs-Appellants. COMMERCIAL DRIVER TRAINING, INC., Third-Party Defendant-Respondent. [695 NYS2d 366] —In an action to recover damages for personal injuries, the defendants Frederick J. Norton and Pauls Trucking Corp. appeal from an order of the Supreme Court, Queens County (Thomas, J.), dated July 28, 1998, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

On March 30, 1995, the defendant Frederick J. Norton was driving a tractor-trailer truck belonging to his employer, the defendant Pauls Trucking Corp., westbound on the Long Island Expressway. The defendant Linda DiGioia was receiving instruction on driving a tractor-trailer from the plaintiff, Pasquale Murdocca, a commercial driving instructor. Norton was proceeding in the center lane while DiGioia was driving in the right lane. The roadway was wet, and when DiGioia applied her brakes her trailer began to fishtail, with its rear moving toward the right. When she released her brakes, the trailer began to straighten out behind the tractor. Norton observed DiGioia braking and fishtailing. He knew that DiGioia was driving a truck that belonged to a commercial driving school, but he did not apply his brakes, downshift, ease up on the gas, or try to avoid DiGioia's vehicle. While DiGioia's trailer was straightening out, she again applied the brakes and her tractor-trailer jackknifed. The front of the trailer moved to the left and entered the center lane, where it struck Norton's vehicle.

Viewing the evidence in the light most favorable to the non-moving party and giving the nonmoving party the benefit of all favorable inferences (*see, Mitchell v Fiorini Landscape,* 253 AD2d 860), the impact occurred 13 seconds after Norton saw DiGioia first apply her brakes. Accordingly, the appellants failed to demonstrate their prima facie entitlement to judgment as a matter of law, as issues of fact exist regarding whether Norton acted reasonably in response to an emergency situation (*see, Ferrer v Harris,* 55 NY2d 285; *Hentschel v Campbell Carpet Servs.,* 256 AD2d 500). S. Miller, J. P., Joy, H. Miller and Feuerstein, JJ., concur.