■ PHIL GONZALEZ et al., Respondents, v METROPOLITAN LIFE INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants, and TAGGART ASSOCIATES, INC., Appellant. SQUADRON, ELLENOFF, PLESENT & LEHRER, Third-Party Defendant-Appellant. [704 NYS2d 484] —In an action to recover damages for personal injuries, etc., the defendant Taggart Associates, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated November 14, 1998, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the third-party defendant Squadron, Ellenoff, Plesent & Lehrer separately appeals, as limited by its brief, from so much of same order as denied its motion for summary judgment dismissing the third-party complaint and all cross claims asserted against it based upon negligence.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by Squadron, Ellenoff, Plesent & Lehrer and Taggart Associates, Inc., to the plaintiffs and to the defendant third-party plaintiff Metropolitan Life Insurance Company.

The plaintiffs commenced this action to recover damages allegedly arising from a trip and fall down a flight of stairs which occurred in a building owned by the defendant third-party plaintiff Metropolitan Life Insurance Company (hereinafter MetLife) and leased by the third-party defendant Squadron, Ellenoff, Plesent & Lehrer (hereinafter Squadron). The plaintiffs alleged that the proximate cause of the trip and fall was the condition of the staircase, specifically, that the stairs were partially obstructed by a wood plank, there were no handrails, and there was inadequate lighting. After issue was joined and discovery completed, Squadron moved for summary judgment dismissing the third-party complaint and all cross claims asserted against it. Squadron argued, *inter alia,* that neither it nor MetLife, which it might be called upon to indemnify, could be held liable for the injuries at issue because the sole basis of their liability—the alleged lack of adequate lighting and a handrail—was not a proximate cause of the trip and fall. The defendant Taggart Associates, Inc. (hereinafter

Taggart), a subcontractor doing work in the building, cross-moved for summary judgment dismissing the complaint and all cross claims as against it. Taggart argued that it was not responsible for the presence of the wood plank, the sole basis upon which its liability was premised. In the order appealed from, the Supreme Court, *inter alia*, denied the cross motion of Taggart and granted Squadron only partial relief. We now affirm.

Viewing the evidence in the light most favorable to the non-moving parties and giving them the benefit of all favorable inferences (*see, Murdocca v DiGioia,* 264 AD2d 509), there are questions of fact, *inter alia,* as to whether the alleged lack of a handrail was a proximate cause of the accident and whether Taggart was responsible for the wood plank on the staircase. Thus, to the extent it is appealed from, the order properly denied the appellants' respective motions for summary judgment.

The parties' remaining contentions lack merit. Ritter, J. P., Friedmann, Feuerstein and Smith, JJ., concur.