■ MIRIAM SANCHEZ-ACEVEDO, Appellant, v MARIOTT HEALTH CARE SERVICE, Respondent. [707 NYS2d 118] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated October 30, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To establish a prima facie case of negligence, the plaintiff in a slip and fall case must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition (*see, Kaplan v Waldbaum's Inc.,* 231 AD2d 680). In this case, the defendant satisfied its burden on the motion for summary judgment by submitting evidence which demonstrated that it did not create the alleged defective condition, a puddle of unidentified liquid in proximity to some potted plants, and that it did not have actual or constructive notice of the existence of the condition (*see, e.g., Goldman v Waldbaum, Inc.,* 248 AD2d 436; *Kaplan v Waldbaum's Inc., supra*). In opposition, the plaintiff merely theorized that the puddle was created when the defendant's employees watered the plants. Since the plaintiff's submissions were unsubstantiated and speculative (*see, Dwoskin v Burger King Corp.,* 249 AD2d 358, 359), they were insufficient to raise a triable issue of fact as to the defendant's responsibility in creating the alleged condition, and the defendant's motion for summary judgment was properly granted (*see, e.g., Goldman v Waldbaum, Inc., supra*). Thompson, J. P., Feuerstein, Schmidt and Smith, JJ., concur.

■ LOIS SCHNEIDER et al., Appellants, v ANALISA SALON LTD. et al., Respondents. [704 NYS2d 843] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered October 13, 1998, which granted the motion of the defendants for summary judgment dismissing the complaint.

Ordered that the appeal is dismissed, with costs, as the order was superseded by an order of the same court, entered December 4, 1998, made upon reargument (*see, Schneider v Analisa Salon,* 270 AD2d 245 [decided herewith]). Ritter, J. P., Santucci, Thompson and McGinity, JJ., concur.