■ JOHN D. HOPKINS, JR., Appellant, v STATEWIDE INDUSTRIAL CATERING GROUP, INC., Defendant and Third-Party Plaintiff-Respondent. LINDERHURST UNION FREE SCHOOL DISTRICT, Third-Party Defendant-Respondent. [710 NYS2d 81] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 12, 1999, as granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the motion

which was for summary judgment dismissing the complaint is denied, and the complaint is reinstated.

The plaintiff, a school custodian, slipped on a greasy substance after stepping into the kitchen of the Daniel Street Elementary School in Lindenhurst at approximately 3:30 P.M. on May 24, 1994. The plaintiff brought this action to recover damages for personal injuries against the defendant, Statewide Industrial Catering Group, Inc. (hereinafter Statewide), because employees of Statewide had been in the kitchen between 10:30 A.M. and 2:30 P.M. in connection with their duties to receive, prepare, and serve school lunches. Statewide brought a third-party action against the Lindenhurst Union Free School District (hereinafter the School District). The Supreme Court, *inter alia*, determined that there was no issue as to the creation by Statewide of the condition, and that the School District owed no duty to the plaintiff, and dismissed both the complaint and the third-party complaint. We reverse insofar as appealed from by the plaintiff.

The School District did not establish its entitlement to judgment dismissing the complaint because it failed to properly address the issue of Statewide's alleged creation of the hazardous condition (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). In any event, in opposition to the summary judgment motion, the plaintiff demonstrated that there were triable issues of fact as to whether Statewide created the condition (*see, Henderson v Hickory Pit Rest.*, 221 AD2d 161; *see also, Eisenberg v Lunch Boy*, 256 AD2d 93). O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.