■ DAVID REDFERN et al., Respondents, v 1552-75-82 PRESIDENT STREET REALTY CORP., Appellant. [745 NYS2d 450] —In an

action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated August 17, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff allegedly was injured when the glass plate cover from the light fixture on his bedroom ceiling fell on his head. The defendant landlord moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.

The Supreme Court erred in determining that there was a triable issue of fact as to whether the defendant may be liable under the doctrine of res ipsa loquitur, as the plaintiff failed to establish that the light fixture was in the defendant's exclusive control (*see Kambat v St. Francis Hosp.*, 89 NY2d 489).

However, the Supreme Court properly denied the defendant's motion for summary judgment, since the plaintiffs' deposition transcripts, submitted by the defendant in support of the motion, raised an issue of fact as to whether the building superintendent created the allegedly defective condition by removing and replacing the light fixture prior to the date of the accident (*see generally* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320). Feuerstein, J.P., O'Brien, Townes and Cozier, JJ., concur.