■ RITA GOLDMAN, Appellant, v WALDBAUM, INC., Doing Business as WALDBAUM SUPERMARKET, et al., Respondents. [746 NYS2d 44]

To establish a prima facie case of negligence, a plaintiff in a slip-and-fall case must demonstrate that the defendants either created the condition which caused the accident, or had actual or constructive notice of the condition (*see Sanchez-Acevedo v Mariott Health Care Serv.,* 270 AD2d 244). In this case, the defendants satisfied their burden on the motion for summary judgment by submitting evidence which demonstrated that they neither created the allegedly dangerous condition, a wet slippery film on the floor of a checkout lane of the defendant supermarket, nor had actual or constructive notice of it.

In opposition, the plaintiff submitted an affidavit containing unsubstantiated and speculative assertions that merely theorized that the dangerous condition was created when the supermarket's employee mopped the floor (*cf. Sanchez-Acevedo v Mariott Health Care Serv., supra*). The plaintiff's affidavit also contradicted her deposition testimony in which she admitted that she did not know how the condition was created, presenting a feigned issue of fact designed to avoid the consequences of her earlier deposition testimony (*see Collins v Rockbottom Stores,* 279 AD2d 443). Thus, the plaintiff's affidavit was insufficient to establish that the defendants created the allegedly dangerous condition.

The plaintiff also admitted that the allegedly dangerous condition was not visible, and there was no evidence that the defendants knew about it or how long it existed. Accordingly, the plaintiff did not establish that the defendants had actual or constructive notice of the condition (*see Blaszczyk v Riccio,* 266 AD2d 491; *Moss v JNK Capital,* 211 AD2d 769, *affd* 85 NY2d 1005). O'Brien, J.P., Friedmann, McGinity and H. Miller, JJ., concur.