■ GLADYS BARR et al., Respondents, v DEMATTEIS OAK PARK ASSOCIATES, LP, et al., Appellants. [756 NYS2d 618] —In an action to recover damages for personal injuries, etc., the defendants Oak Park at Douglaston Unit Owners Association, Inc., and Oak Park at Douglaston Unit Owners Association, Inc., II appeal from so much of (1) an order of the Supreme Court, Queens County (Polizzi, J.), dated February 27, 2002, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2) an order of the same court, dated May 6, 2002, as, upon renewal, adhered to the original determination, and the defendants DeMatteis Oak Park Associates, LP, and Leon D. DeMatteis Construction Corp. appeal from so much of the order dated February 27, 2002, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Justice Howard Miller has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the appeal by Oak Park at Douglaston Unit Owners Association, Inc., and Oak Park at Douglaston Unit Owners Association, Inc., II from the order dated February 27, 2002, is dismissed, as the portion of that order appealed from by those defendants was superseded by the order dated May 6, 2002, made upon renewal; and it is further,

Ordered that the order dated February 27, 2002, is affirmed insofar as appealed from by DeMatteis Oak Park Associates, LP, and Leon D. DeMatteis Construction Corp.; and it is further,

Ordered that the order dated May 6, 2002, is modified, on the law, by deleting the provision thereof, upon renewal, denying that branch of the motion of Oak Park at Douglaston Unit Owners Association, Inc., and Oak Park at Douglaston Unit Owners Association, Inc., II, which was for summary judgment dismissing the complaint insofar as asserted against Oak Park at Douglaston Unit Owners Association, Inc., and substituting therefor a provision, upon renewal, granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, the order dated February 27, 2002, is modified accordingly, the complaint and all cross claims are dismissed insofar as asserted against Oak Park at Douglaston Unit Association, Inc., and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by DeMatteis Oak Park Associates, LP, and Leon D. DeMatteis Construction Corp.

DeMatteis Oak Park Associates, LP, and Leon D. DeMatteis Construction Corp. (hereinafter collectively DeMatteis) failed to establish their entitlement to judgment as a matter of law on the issue of whether they created a dangerous condition in the driveway where the accident occurred and, if so, whether it was a proximate cause of the accident (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]).

Oak Park at Douglaston Unit Owners Association, Inc. (hereinafter Oak Park I), and Oak Park at Douglaston Unit Owners Association, Inc., II (hereinafter Oak Park II) failed to establish as a matter of law that the area where the accident occurred was owned by DeMatteis. The offering plan for Oak Park II indicates that driveways are "common elements" to be maintained by the "Condominium." The "Condominium" is defined as Oak Park II. Accordingly, it appears that Oak Park II may have had an obligation to maintain the driveway where the accident occurred.

However, there is no basis in the record to impose liability upon Oak Park I. The plaintiffs allege that Oak Park II, not Oak Park I, owned the premises where the accident occurred. Surveys in the record show the accident occurred in the Oak Park II portion of the complex where the common properties should have been conveyed by the builder to Oak Park II.

Oak Park I and Oak Park II have one site manager, Henry Rafferty, and one unified staff. Oak Park I and Oak Park II were jointly responsible for snow removal and cleaning. However, there is no evidence that Oak Park I assumed "a comprehensive and exclusive property maintenance obligation intended to displace the duty of [the] * * * landowner * * * to maintain the property in a safe condition" (*Telford v Laro Maintenance Corp.,* 288 AD2d 302, 303 [2001]). Therefore, Oak Park I cannot be held liable based upon the theory that it assumed the maintenance obligations of Oak Park II.

In view of the foregoing, Oak Park I was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Santucci, J.P., Goldstein, H. Miller and Cozier, JJ., concur.