■ Maria S. Martinez, Respondent, v City of Yonkers, Appellant, et al., Defendants. [756 NYS2d 431] —In an action to recover damages for personal injuries, the defendant City of Yonkers appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nastsi, J.), entered March 8, 2002, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

A plaintiff in a slip-and-fall case must demonstrate that the defendant either created the dangerous condition which caused the accident or had actual or constructive notice of that condition and failed to remedy it within a reasonable time (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Blake v City of Albany,* 48 NY2d 875 [1979]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover it and remedy it" (*Gordon v American Museum of Natural History, supra* at 837).

The Supreme Court properly denied the motion of the defendant City of Yonkers for summary judgment. After the City made out a prima facie case for summary judgment, the plaintiff raised a triable issue of fact as to whether the City had constructive notice of the allegedly dangerous condition which the plaintiff contends precipitated her fall (*see Knightner v Custom Window & Door Prods.,* 289 AD2d 455 [2001]; *Hanley v Affronti,* 278 AD2d 868 [2000]; *Fundaro v City of New York,* 272 AD2d 516 [2000]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Santucci, J.P., Smith, H. Miller and Adams, JJ., concur.