■ ELIZABETH LUCIANI, Appellant, v WALDBAUM, INC., et al., Respondents. [756 NYS2d 886] —In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated March 13, 2002, as granted the defendants' motion for summary judgment dismissing the complaint, and (2) from a judgment of the same court, entered June 4, 2002, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

To establish a prima facie case of negligence, a plaintiff in a slip-and-fall case must demonstrate that the defendants either created the condition which caused the accident, or had actual or constructive notice of the condition and a reasonable time to correct it or warn about its existence (see Goldman v Waldbaum, Inc., 297 AD2d 277 [2002]; Maguire v Southland Corp., 245 AD2d 347 [1997]). Here, the defendants made a prima facie showing of entitlement to summary judgment by establishing that they neither created nor had actual or constructive notice of the allegedly dangerous condition (see Goldman v Waldbaum, Inc., supra). In opposition, the plaintiff's unsubstantiated and speculative assertions of negligence were insufficient to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]; Guzman v Lundy, 285 AD2d 626 [2001]). Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiff's remaining contention is without merit. Krausman, J.P., Townes, Mastro and Rivera, JJ., concur.