■ ARTHUR KELLY et al., Respondents, v MEDIA SERVICE CORP. et al., Appellants. [757 NYS2d 781] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated August 30, 2002, which denied their motion for summary judgment dismissing the complaint. Justice Altman has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

The injured plaintiff and his wife commenced the instant action to recover damages for personal injuries, etc., which he allegedly sustained when he slipped and fell at a gasoline service station owned by the defendant Media Service Corp. (hereinafter Media Service). The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We affirm.

Contrary to the defendants' contention, the Supreme Court properly denied their motion for summary judgment. According to the injured plaintiff, he slipped and fell on what he described as a gravel-like substance which was "like an absorbent, when you have oil or gas or something." Mathilda Said, one of the owners of Media Service, testified that if a gas station attendant was to see something like an oil spill on the ground at the service station, he would put a substance known as "Speedy Dry," which was like cat litter, on the spill. When the evidence is viewed in the light most favorable to the plaintiffs, and affording them the benefit of all favorable inferences (*see Gonzalez v Metropolitan Life Ins. Co.,* 269 AD2d 495 [2000]; *Murdocca v DiGioia,* 264 AD2d 509 [1999]), a triable issue of fact exists as to whether the defendant Media Service created the allegedly dangerous condition which caused the

injured plaintiff to slip and fall (*see Nembhard v Mount Vernon City School Dist. Bd. of Educ.,* 300 AD2d 456 [2002]; *Backiel v Citibank, N.A.,* 299 AD2d 504 [2002]; *Redfern v 1552-75-82 President St. Realty Corp.,* 296 AD2d 391 [2002]; *Hepburn v Croce,* 295 AD2d 475 [2002]). Moreover, the plaintiff's testimony at his examination before trial did not present feigned issues designed to avoid the consequences of his earlier statements (*see Nembhard v Mount Vernon City School Dist. Bd. of Educ., supra*). Altman, J.P., S. Miller, Friedmann and Cozier, JJ., concur.