◼ JONATHAN POMERANTZ, Appellant, v CULINARY INSTITUTE OF AMERICA, Respondent. [770 NYS2d 424]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Tolbert, J.), dated March 24, 2003, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for leave to amend his bill of particulars.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's motion for summary judgment. "To establish a prima facie case of negligence, a plaintiff in a slip-and-fall case must demonstrate that the defendants either created the condition which caused the accident, or had actual or constructive notice of the condition" (Luciani v Waldbaum, Inc., 304 AD2d 537 [2003]; see West v DeJesus, 306 AD2d 402 [2003]; Martinez v City of Yonkers, 303 AD2d 467 [2003]). Contrary to the plaintiff's contention, the defendant established its prima facie entitlement to judgment as a matter of law by submitting the deposition testimony of its senior vice-president for finance and administration and its maintenance supervisor, which demonstrated that it neither created nor had actual or constructive notice of the condition upon which the plaintiff allegedly slipped and fell (see Luciani v Waldbaum, Inc., supra; Goldman v Waldbaum, Inc., 297 AD2d 277 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the condition may

have been created by a student who spilled grease or oil is purely speculative (see Luciani v Waldbaum, Inc., supra).

In light of our determination, the plaintiff's contentions with respect to his cross motion have been rendered academic. Altman, J.P., Florio and Mastro, JJ., concur.

Friedmann, J., dissents and votes to modify the order appealed from by denying the defendant's motion for summary judgment, and to otherwise affirm the order, with the following memorandum: Because I conclude that the defendant Culinary Institute of America (hereinafter CIA) failed to establish a prima facie case that it was entitled to judgment as a matter of law, I would modify the order appealed from by denying CIA's motion for summary judgment, and otherwise affirm the order.

On December 8, 1999, the plaintiff was a student at CIA. That day, he had one class in a building known as Roth Hall. After the class ended at about 8:45 P.M., the plaintiff and a classmate, Sean Lee, left Roth Hall and were walking on a sidewalk behind the building. The sidewalk on which they were walking led to an area where garbage generated from the teaching kitchens was disposed. The plaintiff allegedly sustained personal injuries when he slipped and fell on a "dark and greasy" substance which was on the sidewalk.

The plaintiff brought this action against CIA to recover damages for the injuries which he allegedly sustained when he slipped and fell. Following discovery, CIA moved for summary judgment dismissing the complaint on the ground that it neither created nor had actual or constructive notice of the allegedly dangerous condition. In support of its motion, CIA submitted, inter alia, the deposition testimony of Charles O'Mara, CIA's senior vice-president for finance and administration, Peter Donald Banks, CIA's maintenance supervisor, the plaintiff, and Sean Lee, the plaintiff's former classmate who witnessed the incident.

According to O'Mara, on the date of the plaintiff's accident, one custom and practice of CIA was that at the end of each class, students would bring out any type of waste, including grease and oil, from about 40 kitchens to garbage dumpsters. Chef instructors would either assign students to perform this task or ask for volunteers. Banks acknowledged, inter alia, that grease spills on the campus sidewalks normally came from students carrying food waste, including cooking grease, from kitchens.

Sean Lee stated that the area where the plaintiff slipped and fell is "a high traffic area," meaning that "a lot of people use it to run the garbage . . . from the kitchen to the dumpsters." He

also stated that the garbage area contained a specific type of receptacle used for oil or grease. Lee himself had taken oil and/or grease from a kitchen to the garbage area near where the plaintiff had fallen. Further, he had seen people spilling things on the sidewalks of the campus.

"To establish a prima facie case of negligence, a plaintiff in a slip-and-fall case must demonstrate that the defendants either created the condition which caused the accident, or had actual or constructive notice of the condition and a reasonable time to correct it or warn about its existence" (*Luciani v Waldbaum, Inc.,* 304 AD2d 537 [2003]; *see West v DeJesus,* 306 AD2d 402 [2003]; *Martinez v City of Yonkers,* 303 AD2d 467 [2003]; *Goldman v Waldbaum, Inc.,* 297 AD2d 277 [2002]). However, in order to succeed on its summary judgment motion, CIA was required to establish a prima facie case that it neither created nor had actual or constructive notice of the allegedly dangerous condition (*see Metling v Punia & Marx,* 303 AD2d 386 [2003]; *Stone v Long Is. Jewish Med Ctr.,* 302 AD2d 376 [2003]). It could not "carry its burden merely by citing gaps in the plaintiff's case" (*Kucera v Waldbaums Supermarkets,* 304 AD2d 531, 532 [2003]).

In my view, CIA relied upon gaps in the plaintiff's case on its motion for summary judgment, and the evidence which CIA submitted in support of its motion failed to establish a prima facie case that it did not create the condition which allegedly caused the plaintiff to slip and fall (*see Scialpi v Island Right Homes,* 304 AD2d 551 [2003]; *Barr v DeMatteis Oak Park Assoc.,* 303 AD2d 436 [2003]; *Backiel v Citibank,* 299 AD2d 504 [2002]). In its motion papers, CIA did not in any way address how it did not create the oil/grease spill. Nor does the evidence in the record eliminate the possibility that CIA created the spill. Taken together, the testimony of the various witnesses established that: (1) students, acting on instructions from chef instructors, regularly took grease or oil from kitchens to garbage dumpsters, (2) in doing so, they used the same sidewalk on which the plaintiff slipped and fell, and (3) students would cause oil or grease spills on the campus sidewalks. Viewing the evidence in the light most favorable to the plaintiff, and affording him the benefit of all favorable inferences (*see Kelly v Media Serv. Corp.,* 304 AD2d 717 [2003]; *Gonzalez v Metropolitan Life Ins. Co.,* 269 AD2d 495 [2000]; *Murdocca v DiGioia,* 264 AD2d 509 [1999]), I conclude that a trier of fact could find that students, acting on behalf of CIA, spilled oil or grease on the sidewalk, thus creating the condition which allegedly caused the plaintiff to slip and fall.