■ ROSEMARIE LIBRANDI et al., Appellants, v STOP AND SHOP FOOD STORES, INC., Respondent. [776 NYS2d 846]—

In an action to recover damages for personal injuries, etc. the plaintiffs appeal from an order of the Supreme Court, Nassau County (Davis, J.), dated September 4, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To establish a prima facie case of negligence, a plaintiff in a slip-and-fall action must demonstrate that the defendant either created the condition that caused the accident, or had actual or constructive notice thereof (*see Pomerantz v Culinary Inst. of Am.,* 2 AD3d 821 [2003]; *Luciani v Waldbaum, Inc.,* 304 AD2d 537 [2003]; *Goldman v Waldbaum, Inc.,* 297 AD2d 277 [2002]; *Stumacher v Waldbaum, Inc.,* 274 AD2d 572 [2000]; *Goldman v Waldbaum, Inc.,* 248 AD2d 436 [1998]; *Kraemer v K-Mart Corp.,* 226 AD2d 590 [1996]). To constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time before the accident to permit the defendant or its employees to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]).

The plaintiffs do not contend that the defendant created the allegedly defective condition, or had actual notice of it. Rather, their position is limited to the contention that there is an issue of fact regarding the defendant's constructive notice of the subject condition. On a motion for summary judgment to dismiss the complaint based upon a lack of constructive notice, the de-

fendant is required to make a prima facie showing affirmatively establishing the absence of such notice as a matter of law (*see West v DeJesus*, 306 AD2d 402 [2003]; *Bachrach v Waldbaum, Inc.*, 261 AD2d 426 [1999]; *Goldman v Waldbaum, Inc.*, 248 AD2d 436 [1998]). In this case, the defendant succeeded in making such a showing. In opposition thereto, the plaintiffs failed to raise a triable issue of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Bachrach v Waldbaum, Inc.*, *supra*).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Smith, J.P., H. Miller, S. Miller and Luciano, JJ., concur.