WALTER GREENSTEIN et al., Appellants, v REALIFE LAND IMPROVEMENT, INC., et al., Respondents. [786 NYS2d 110]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Bellantoni, J.), dated September 25, 2003, which granted the separate motions of the defendant Realife Land Improvement, Inc., the defendant CBI Concrete, Inc., and the defendants Sebastian Giner and Peter Giner, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff Walter Greenstein (hereinafter Greenstein) slipped and fell on November 13, 2000, while walking on a concrete walkway that connected a parking lot with South Moger Avenue in the Village of Mount Kisco. Before he fell, Greenstein observed yellow tape between the stores where the walkway opened onto South Moger Avenue. He also saw men engaged in construction work on the South Moger Avenue side of the yellow tape. After he fell, someone pointed out to Greenstein an approximately one-foot square piece of wire mesh on the walkway.

The defendants Sebastian Giner and Peter Giner (hereinafter the Giners) owned the concrete walkway. The defendant CBI Concrete, Inc. (hereinafter CBI), had completed construction of the walkway in October 2000. The defendant Realife Land Improvement, Inc. (hereinafter Realife), pursuant to a contract with the Village, constructed, inter alia, the concrete sidewalk of South Moger Avenue in front of the concrete walkway.

CBI did not owe any duty of care to Greenstein because it completed all work on the walkway approximately one month before the accident (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136, 138 [2002]; *Daubert v Flyte Time Regency Limousine,* 1 AD3d 395, 396 [2003]). Thus, CBI established its prima facie entitlement to summary judgment by clearly demonstrating that it did not own, operate, or exercise control over the subject premises (*see Bernstein v Starrett City,* 303 AD2d 530, 532 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Additionally, both the Giners and Realife established their prima facie entitlement to summary judgment by demonstrating that they neither created the condition of the wire mesh on the walkway nor had actual or constructive notice of the condition (*see Librandi v Stop & Shop Food Stores, Inc.,* 7 AD3d 679 [2004]; *Dwoskin v Burger King Corp.,* 249 AD2d 358, 359 [1998]; *Bradish v Tank Tech Corp.,* 216 AD2d 505, 506 [1995]) and that, in any event, such alleged condition was both open and obvious and not inherently dangerous (*see Cupo v Karfunkel,* 1 AD3d 48, 52 [2003]; *see also Behar v All Seasons Motor Lodge,* 6 AD3d 639 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contention regarding the issue of nuisance is unpreserved for appellate review and, in any event, is without merit. Ritter, J.P., Smith, Rivera and Lifson, JJ., concur.