■ SHALA YADEGAR et al., Appellants, v INTERNATIONAL FOOD MARKET et al., Defendants, and HERMAN B. STEIN, Respondent. [813 NYS2d 477]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Palmieri, J.), dated June 8, 2004, which, upon a jury verdict in favor of the defendant Herman B. Stein on the issue of liability, and upon the denial of their motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, is in favor of the defendant Herman B. Stein and against them, dismissing the complaint.

Ordered that the judgment is reversed, on the law and the facts, the motion to set aside the verdict as against the weight of the evidence is granted, the complaint is reinstated insofar as asserted against the defendant Herman B. Stein, and the matter is remitted to the Supreme Court, Nassau County, for a new trial, with costs to abide the event.

The plaintiff Shala Yadegar (hereinafter the plaintiff) was injured when she tripped and fell over an area of raised and broken asphalt in a parking lot owned by the defendant Her-

man B. Stein (hereinafter the defendant). The raised and broken asphalt surrounded a bent concrete guard post, which was one of several guard posts that were installed in the parking lot to protect the property's retaining wall from being damaged by vehicles. At the trial the plaintiff testified that she had shopped at a grocery store adjacent to the parking lot for approximately one to two years before the accident, and that she had observed the broken and raised area of asphalt near the bent guard post during that period. The plaintiff's expert witness testified that the bent guard post had caused the surrounding asphalt to become raised and uneven, and that this condition had been in existence for some time. At the conclusion of the liability phase of the trial, the jury found that an unsafe condition existed on the date of the accident, but that the defendant was not negligent. In view of its determination that the defendant was not negligent, the jury did not reach the issue of proximate cause. The plaintiff moved to set aside the verdict as against the weight of the evidence, but the trial court denied the motion, concluding that it reflected the jury's resolution of the disputed issue of whether the defendant had prior notice of the defective condition which caused the accident. We reverse.

To establish negligence in a slip-and-fall case, a plaintiff must demonstrate that the defendant either created or had actual or constructive notice of the condition which caused the accident (*see Roussos v Ciccotto,* 15 AD3d 641 [2005]; *Gwyn v 575 Fifth Ave. Assoc.,* 12 AD3d 403 [2004]; *Librandi v Stop & Shop Food Stores, Inc.,* 7 AD3d 679 [2004]). To constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time before the accident to permit the defendant to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *Librandi v Stop & Shop Food Stores, Inc., supra*). Here, in view of the plaintiff's uncontradicted testimony that she had observed the bent guard post and the raised asphalt surrounding it for a period of one to two years before the accident, the expert's testimony that this condition had been in existence for some time, and photographs depicting the accident site which were admitted into evidence at the trial, the jury could not have determined, upon a fair interpretation of the evidence, that the defendant lacked constructive notice of the subject condition (*see Grassi v Ulrich,* 87 NY2d 954 [1996]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]; *Fundaro v City of New York,* 272 AD2d 516 [2000]). Under these circumstances, the plaintiff's motion to set aside the verdict should have been granted, and therefore, we reverse the judgment and grant a new trial. Crane, J.P., Krausman, Skelos and Lifson, JJ., concur.