■ GLENN MAREK, Appellant, v LEO BURMESTER et al., Respondents. [830 NYS2d 340]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated October 11, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

On the morning of October 16, 2003, while the plaintiff was bicycling to work along Nichols Street in the Town of Kent, two dogs owned by the defendant Leo Burmester ran into the roadway. According to the plaintiff's deposition testimony, one dog ran in front of his bicycle, while the other dog grabbed at his left leg. As a result of the dogs' actions, the plaintiff was caused to be propelled over the bicycle's handlebars and onto the pavement. The plaintiff commenced this action to recover damages for the injuries he sustained in the accident and named, as defendants, Burmester and his stepson, Adam Anram, who was caring for Burmester's dogs, while Burmester was away from home. The defendants moved for summary judgment dismissing the complaint on the ground that there was no evidence that they were aware of any vicious propensities on the part of the dogs or of their proclivity to interfere with traffic.

"[T]he owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (*Collier v Zambito,* 1 NY3d 444, 446 [2004]; *see Bard v Jahnke,* 6 NY3d 592, 596 [2006]). "In addition, an animal that behaves in a manner that would not necessarily be

considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit" (*Collier v Zambito, supra* at 447; *see Bard v Jahnke, supra* at 597).

Here, the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any triable issues of fact (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In support of their motion, the defendants submitted the plaintiff's deposition testimony, wherein he testified that on at least 10 occasions prior to the occurrence of the accident, while he was bicycling to work, the subject dogs chased him down the road, sometimes coming within a few feet of his bicycle. Thus, the plaintiff's deposition testimony did not eliminate triable issues of fact as to whether the defendants had constructive notice of the dogs' proclivity to chase bicyclists on the roadway and as to whether those actions put others at risk of harm (*see Collier v Zambito, supra* at 447; *Bard v Jahnke, supra* at 597; *Rider v White*, 65 NY 54, 55-56 [1875]). Accordingly, denial of the motion was required, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr., supra* at 853). Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.