■ ROSEMARY BROWN, Appellant, v OUTBACK STEAKHOUSE et al., Respondents. [833 NYS2d 222]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated December 23, 2005, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured as a result of a slip-and-fall in a restaurant owned and operated by the defendants. In order to prevail in such a case, a plaintiff must demonstrate that the defendant had actual or constructive notice of the allegedly defective condition that caused the fall, or created that condition (*see Price v EQK Green Acres,* 275 AD2d 737 [2000]; *Kraemer v K-Mart Corp.,* 226 AD2d 590 [1996]).

To constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit a defendant to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]). The defendants established that they had no notice, either actual or constructive, of the allegedly dangerous

condition prior to the plaintiff's fall, and the plaintiff failed to raise a triable issue of fact in this regard. The same cannot be said, however, as to the plaintiff's claim that the defendants caused the allegedly dangerous condition.

Although the plaintiff could not identify the cause of her fall, the defendants submitted, in support of that branch of their motion which was for summary judgment dismissing the complaint, the deposition testimony of several of the plaintiff's coworkers who were with her at the time of her fall. One coworker testified to his observations, immediately after the plaintiff's fall, of a wet or greasy substance on the floor extending from a nearby kitchen door to an area right next to the location where the plaintiff fell. Another coworker testified that he had observed the defendants' employees periodically walking through that area carrying trays of food from the kitchen.

Since the plaintiff is entitled, at this stage of the proceedings, to every reasonable inference that can be drawn from the testimony (*see Brandes v Incorporated Vil. of Lindenhurst*, 8 AD3d 315, 316 [2004]; *Nicklas v Tedlen Realty Corp.*, 305 AD2d 385 [2003]), and it is reasonably inferable from the testimony of the plaintiff's coworkers that the substance on which the plaintiff allegedly fell had been dropped from a tray carried by an employee of the defendants through the area, this testimony is sufficient to raise a triable issue of fact as to the defendants' creation of the allegedly dangerous condition (*see Kelly v Media Serv. Corp.*, 304 AD2d 717 [2003]; *Hopkins v Statewide Indus. Catering Group*, 272 AD2d 577 [2000]; *Eisenberg v Lunch Boy*, 256 AD2d 93 [1998]). Since the relevant deposition testimony was included in the defendants' moving papers, the existence of this issue precludes a finding that the defendants established their prima facie entitlement to judgment as a matter of law (*see Marek v Burmester*, 37 AD3d 668 [2007]; *Korina v New York City Tr. Auth.*, 37 AD3d 765 [2007]; *Redfern v 1552-75-82 President St. Realty Corp.*, 296 AD2d 391, 392 [2002]), and denial of the motion was thus required, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Marek v Burmester, supra*). Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.