■ JAMES R. SIEGENFELD, Appellant, v LONG ISLAND POWER AUTHORITY et al., Respondents. [848 NYS2d 274]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered August 1, 2006, as granted that branch of the motion of the defendants Long Island Power Authority and Long Island Lighting Company which was for summary judgment dismissing the complaint insofar as asserted against them, (2) from a judgment of the same court dated September 6, 2006, and (3), as limited by his brief, from so much of a judgment of the same court dated September 22, 2006, as is in favor of the defendants Long Island Power Authority and Long Island Lighting Company and against him dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeals from the order and the judgment dated September 6, 2006 are dismissed; and it is further,

Ordered that the judgment dated September 22, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Long Island Power Authority and Long Island Lighting Company.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment dated September 22, 2006 (*see* CPLR 5501 [a] [1]). The appeal from the judgment dated September 6, 2006, must be dismissed as abandoned (*see* 22 NYCRR 670.8 [e]).

The plaintiff allegedly sustained personal injuries when, while walking through the parking lot of a strip mall carrying, in front of his person, a car battery he had just purchased, he tripped and fell over yellow tape used to cordon off a portion of the lot where the defendants Long Island Power Authority and Long Island Lighting Company (hereinafter collectively LIPA) were performing emergency work. The complaint alleged, inter alia, that LIPA caused the tape to be strung and/or maintained in an unsafe position and that it had actual or constructive notice of the allegedly dangerous condition.

LIPA established its entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that the condition that allegedly caused the plaintiff's accident was not dangerous as a matter of law, and that it thus neither created,

nor had actual or constructive notice of any dangerous condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Greenstein v Realife Land Improvement, Inc.*, 13 AD3d 338, 339 [2004]; *Librandi v Stop & Shop Food Stores, Inc.*, 7 AD3d 679, 679-680 [2004]; *Arias v St. Rosalia's R.C. Church*, 286 AD2d 311 [2001]). In response to LIPA's prima facie showing of entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.