■ DIANA CARBONE, Appellant, v LAKESIDE MARKET DELI & PIZZA, INC., Respondent. [850 NYS2d 194]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated February 15, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

Contrary to the defendant's contention and the determination of the Supreme Court, the defendant failed to sustain its burden of making a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issue of fact (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). While the defendant produced, inter alia, the affidavit of a witness indicating that there was no defect in the runner it installed over its exterior steps, the defendant also submitted the plaintiff's deposition testimony, which contradicted that affidavit and raised factual issues regarding whether the defendant inadequately secured the runner, and thereby created a dangerous condition which caused her to fall. Accordingly, the defendant's submissions on the motion did not demonstrate that it was entitled to summary judgment, and denial of the motion therefore was required (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Brown v Outback Steakhouse*, 39 AD3d 450 [2007]; *Korina v New York City Tr. Auth.*, 37 AD3d 765 [2007]; *Ogletree v Rush Realty Assoc., LLC*, 29 AD3d 875 [2006]; *Enamorado v KHR Holding Co., LLC*, 24 AD3d 411 [2005]; *Redfern v 1552-75-82 President St. Realty Corp.*, 296 AD2d 391 [2002]). Prudenti, P.J., Mastro, Santucci and Lifson, JJ., concur.