GERALDINE SCHWARTZ, Appellant, v GOLD COAST RESTAURANT CORP., Doing Business as CIPOLLINI, Respondent. [31 NYS3d 535]—

In an action to recover damages for personal injuries, the

plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered May 22, 2015, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

In support of its motion for summary judgment dismissing the complaint in this slip-and-fall case, the defendant was required to establish, prima facie, that it did not create the dangerous condition that caused the plaintiff's injuries and had neither actual nor constructive notice of the condition when the plaintiff was injured (*see Garcia-Monsalve v Wellington Leasing, L.P.*, 123 AD3d 1085, 1086 [2014]). "To meet its burden on the issue of constructive notice, a defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*id.* at 1086). However, "[r]eference to general cleaning practices is insufficient to establish a lack of constructive notice in the absence of evidence regarding specific cleaning or inspection of the area in question" (*id.*; *see Herman v Lifeplex, LLC*, 106 AD3d 1050, 1051 [2013]).

Here, the affidavit of the defendant's manager contained only references to general cleaning practices and failed to establish when, prior to the accident, the accident location was last cleaned or inspected. Thus, viewing the evidence in the light most favorable to the nonmoving party (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]), the defendant failed to establish, prima facie, that it lacked constructive notice of the alleged dangerous condition (*see Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 599 [2008]; *see also Mercedes v City of New York*, 107 AD3d 767, 769 [2013]; *Schiano v Mijul, Inc.*, 79 AD3d 726, 727 [2010]).

Moreover, the defendant failed to establish, prima facie, that it did not create the alleged dangerous condition (*see Brown v Outback Steakhouse*, 39 AD3d 450, 451 [2007]; *Hopkins v Statewide Indus. Catering Group*, 272 AD2d 577, 578 [2000]; *see also Amendola v City of New York*, 89 AD3d 775, 776 [2011]). The parties' contrasting accounts of how the accident occurred, who was present, and whether the plaintiff slipped on grease or rain water implicate issues of credibility, which may not be resolved by a court on a motion for summary judgment (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]).

Since the defendant failed to meet its prima facie burden as the movant, it is not necessary to review the sufficiency of the

plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Roman, Maltese and Connolly, JJ., concur.