■ Robert Grigorian, an Infant, by His Mother and Natural Guardian, Karina Grigorian, et al., Appellants, v City of New York et al., Respondents. [52 NYS3d 678]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated December 18, 2015, which granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Robert Grigorian (hereinafter the infant plaintiff) allegedly was injured when he slipped and fell off a snow mound. On the day of the accident, the infant plaintiff was released from school at 3:00 p.m., and went home. At 5:00 p.m. he went back to school to pick up his younger sister, who was in an after-school program. School officials released the infant plaintiff's sister to him, and they began to walk home. As they were walking, they passed a snow mound, which was located between the infant plaintiff's school and his sister's school on a street that was closed to traffic and used, in part, as a parking lot for teachers. The infant plaintiff's sister climbed up the mound, and the infant plaintiff climbed up the mound to retrieve her. As he was doing so, he slipped and fell, injuring himself.

Thereafter, the infant plaintiff, by his mother and natural guardian, the plaintiff Karina Grigorian, and his mother, individually, commenced this action to recover damages for personal injuries against the City of New York, the New York City Department of Education, the Board of Education of the City of New York, and the New York City Sanitation Department. The defendants moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted that branch of the defendants' motion, and the plaintiffs appeal.

The defendants established their prima facie entitlement to judgment as a matter of law. They demonstrated, prima facie, that the infant plaintiff, as well as his sister, had passed out of the orbit of the authority of their respective schools at the time of the accident, and their schools no longer had custody and control over either of them at the time of the subject accident (*see Pratt v Robinson*, 39 NY2d 554, 560 [1976]). The defendants also demonstrated, prima facie, that they maintained the area where the accident occurred in a reasonably safe condition, and that the snow mound did not constitute a dangerous condition. In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contention is without merit.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.