McElhiney v Half Hollow Hills Cent. Sch. Dist. (2018 NY Slip Op 00824)





McElhiney v Half Hollow Hills Cent. Sch. Dist.


2018 NY Slip Op 00824


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-03972
 (Index No. 18169/13)

[*1]Reese Olivia McElhiney, etc., et al., respondents,
v
Half Hollow Hills Central School District, appellant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellant.
Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola, NY (Martin Block and Tiffany Bogosian of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated September 22, 2016, which denied its motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On April 18, 2012, while on the playground during recess for her kindergarten class at the Sunquam Elementary School, located in Melville, which is within the defendant, Half Hollow Hills Central School District, the infant plaintiff allegedly was injured when she came into contact with a screw that protruded from a fence. The infant plaintiff, by her mother, and her mother, individually (hereinafter together the plaintiffs), subsequently commenced this action against the defendant, alleging negligence and personal injuries. The defendant moved for summary judgment dismissing the complaint on the ground, among others, that the screw did not amount to a dangerous condition. The Supreme Court denied the motion, and the defendant appeals.
Contrary to the defendant's contentions, the submission of the transcripts of the parties' deposition testimony, the transcripts of the plaintiffs' General Municipal Law § 50-h hearing testimony, and the affidavit of the defendant's expert failed to establish, prima facie, that the screw in the fence did not constitute a dangerous condition (see Gorokhovskiy v NYU Hosps. Ctr., 150 AD3d 966; Casiano v St. Mary's Church, 135 AD3d 685, 685; Doughim v M & US Prop., Inc., 120 AD3d 466, 467; cf. Grigorian v City of New York, 150 AD3d 1085; Witkowski v Island Trees Pub. Lib., 125 AD3d 768). Moreover, the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law because it failed to eliminate triable issues of fact as to whether it maintained its premises in a reasonably safe condition and did not create the alleged dangerous condition (see Taub v JMDH Real Estate of Garden City Warehouse, LLC, 150 AD3d 1301, 1302; Kane v Peter M. Moore Constn. Co., Inc., 145 AD3d 864, 868; Schwartz v Gold Coast Rest. Corp., 139 AD3d 696, 697). Since the defendant failed to meet its prima facie burden as the movant, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., AUSTIN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court