Rhoden v 515 Rest., LLC (2025 NY Slip Op 02617)

Rhoden v 515 Rest., LLC

2025 NY Slip Op 02617

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-11275
 (Index No. 707597/22)

[*1]Renay Rhoden, appellant, 
v
515 Restaurant, LLC, etc., respondent.

Law Offices of Marc H. Wasserman, P.C., Mount Sinai, NY, for appellant.
Chesney, Nicholas & Brower, LLP, Syosset, NY (Stephen V. Morello of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered November 13, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion pursuant to CPLR 3126 to impose sanctions against the defendant for spoliation of evidence.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.
In April 2022, the plaintiff commenced this personal injury action, alleging that she was injured after slipping on a greasy substance on the floor of a restaurant operated by the defendant. In June 2022, the plaintiff demanded admissions from the defendant related to the existence of surveillance footage of the incident. The defendant claimed that no surveillance video footage existed, since any footage of the incident, to the extent it once existed, was automatically overwritten by the video system 7 to 10 days after the incident. Thereafter, the defendant moved for summary judgment dismissing the complaint. The plaintiff opposed the motion and cross-moved pursuant to CPLR 3126 to impose sanctions against the defendant for spoliation of evidence. In an order entered November 13, 2023, the Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion. The plaintiff appeals.
The Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint. A party with ownership or control of real property "has a duty to maintain the property in a reasonably safe condition" (Parrinello v Independence Plaza SC, LLC, 189 AD3d 1441, 1442; Chang v Marmon Enters., Inc., 172 AD3d 678, 678). "A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the allegedly hazardous condition that caused the accident, or that it did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (Armenta v AAC Cross County Mall, LLC, 219 AD3d 790, 791; see Rogers v Stop & Shop Supermarket Co., LLC, 226 AD3d 1056, 1057).
Here, the defendant failed to establish, prima facie, that it did not create the alleged dangerous condition. The defendant submitted a transcript of the deposition testimony of the plaintiff, who testified that she was caused to fall by a slippery floor and that no one in her party had spilled anything on the floor. The defendant did not offer any evidence that one of its employees did not cause the alleged slippery condition (see Amendola v City of New York, 89 AD3d 775, 776; Greenstein v R & R of G.C., Inc., 50 AD3d 637, 638).
The defendant also failed to establish, prima facie, that it lacked actual or constructive notice of the alleged slippery substance on the floor. "To meet its burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall" (Rogers v Stop & Shop Supermarket Co., LLC, 226 AD3d at 1057). Evidence of general cleaning practices are inadequate to show "lack of constructive notice in the absence of evidence regarding specific cleaning or inspection of the area in question" (Schwartz v Gold Coast Rest. Corp., 139 AD3d 696, 697 [internal quotation marks omitted]). Here, the managing member of the defendant testified only that all staff had a general responsibility for the upkeep and cleanliness of the restaurant. Outside these general statements, the defendant provided no further information on when the specific area of the plaintiff's fall had last been inspected or cleaned (see id.).
The Supreme Court providently exercised its discretion in denying the plaintiff's cross-motion pursuant to CPLR 3126 to impose sanctions against the defendant for spoliation of evidence. "'A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense'" (Tanner v Bethpage Union Free Sch. Dist., 161 AD3d 1210, 1211, quoting Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547). "[I]n the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (id. [internal quotation marks omitted]). Here, the plaintiff failed to establish that the defendant intentionally or negligently failed to preserve the surveillance video after being placed on notice that the evidence might be needed for future litigation (see De Abreu v Syed Rests. Enters., Inc., 231 AD3d 1116; McGlynn v Burns & Harris, 223 AD3d 733, 736).
GENOVESI, J.P., BRATHWAITE NELSON, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court