■ STARLET PEARSON, Respondent, v DIX MCBRIDE, LLC, Appellant, et al., Defendant. [883 NYS2d 53]—In an action, inter alia, to recover damages for personal injuries, the defendant Dix McBride, LLC, appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated June 16, 2008, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The drastic remedy of summary judgment should be granted only if there are no triable issues of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (*Kolivas v Kirchoff*, 14 AD3d 493, 493 [2005]; *see Dykeman v Heht*, 52 AD3d 767, 768 [2008]). Additionally, in determining a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmovant (*see Brown v Outback Steakhouse*, 39 AD3d 450, 451 [2007]). Here, viewing the evidence in the light most favorable to the plaintiff, the appellant failed to establish, prima facie, its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Under the circumstances, triable issues of fact exist as to whether the alleged accident actually occurred and, if so, whether it proximately caused the plaintiff to sustain the injuries as alleged. Since the appellant failed to meet its burden as the movant, we need not review the sufficiency of the plaintiff's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Rivera, J.P., Miller, Balkin and Austin, JJ., concur.