*1088 Anita Johnson (hereinafter Anita) allegedly died from complications which arose during surgery performed by the defendants Eli Serur and Avijit D. Mukerji (hereinafter together the appellants). Anita’s brother, David Johnson, as administrator of her estate, commenced this action, inter alia, to recover damages for wrongful death for pecuniary loss on behalf of Anita’s four intestate distributees: her three living siblings, David Johnson (in his individual capacity), Carrie Johnson, and Laurie Johnson Kozar, and Anita’s nephew Michael Johnson, the son of a brother who predeceased her (hereinafter David, Carrie, Laurie, and Michael, respectively). The wrongful death cause of action also seeks to recover damages for funeral expenses allegedly incurred. In the order appealed from, the Supreme Court, among other things, denied the appellants’ motion for summary judgment dismissing the cause of action alleging wrongful death insofar as asserted against them.
In an action to recover damages for wrongful death, the measure of damages includes “fair and just compensation for the pecuniary injuries resulting from the decedent’s death to the persons for whose benefit the action is brought” (EPTL 5-4.3 [a]). “[T]he essence of the cause of action for wrongful death in this State is that the plaintiffs reasonable expectancy of future assistance or support by the decedent was frustrated by the decedent’s death” (Gonzalez v New York City Hous. Auth., 77 NY2d 663, 668 [1991]). “Loss of support, voluntary assistance and possible inheritance, as well as medical and funeral expenses incidental to death, are injuries for which damages may be recovered” (id. at 668).
Here, the appellants met their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing so much of the cause of action alleging wrongful death as sought to recover damages against them for funeral expenses on behalf of all of the distributees, and for pecuniary loss on behalf of David and Michael (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). The evidence submitted by the appellants established that David and Michael suffered no pecuniary loss resulting from the alleged wrongful death of Anita (see Biggs v Mary Immaculate Hosp., 303 AD2d 702, 703 [2003]). The appellants also established, prima facie, that Anita’s distributees incurred no funeral expenses, since they were fully reimbursed for those costs by a family friend. In opposition to these show *1089 ings, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d at 560). Accordingly, the Supreme Court should have granted those branches of the appellants’ motion which were for summary judgment dismissing so much of the cause of action alleging wrongful death as sought to recover damages against them for funeral expenses on behalf of all of the distributees, and for pecuniary loss on behalf of David and Michael.
However, the appellants failed to demonstrate, prima facie, their entitlement to judgment as a matter of law dismissing so much of the cause of action alleging wrongful death as sought to recover damages against them for pecuniary loss on behalf of Anita’s sisters, Laurie and Carrie (see id.; Gonzalez v New York City Hous. Auth., 77 NY2d at 667). Construing the evidence submitted by the appellants in the light most favorable to the nonmoving party (see Pearson v Dix McBride, LLC, 63 AD3d 895 [2009]), there was evidence that, among other things, Anita regularly gave Laurie money for various purposes and took care of Laurie’s house while she was out of the country on active duty in the military, and that Anita provided baby sitting services for Carrie’s children (see Gonzalez v New York City Hous. Auth., 77 NY2d at 667). Since the appellants failed to meet their prima facie burden with respect to this branch of the motion, denial of this branch of the motion is required without regard to the sufficiency of the papers submitted in opposition thereto (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.