■ RICHARD WALUKANIS et al., Respondents, v ROCKVILLE OFFICE CENTRE ASSOCIATES et al., Appellants. [22 NYS3d 906]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Brown, J.), entered March 12, 2015, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff allegedly tripped and fell over an uneven condition in the area near the entrance doors of the defendants' premises. Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this action against the de-

fendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, contending that the alleged hazardous condition was trivial and not actionable. The Supreme Court denied the motion.

Viewing the evidence in the light most favorable to the plaintiffs as the nonmovants (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]), the defendants failed to establish their prima facie entitlement to judgment as a matter of law. Considering the width, depth, elevation, irregularity, and appearance of the defect, together with the time, place, and circumstance of the injury, it cannot be said as a matter of law that the condition at issue was trivial and therefore not actionable (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66 [2015]; *Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Chambers, J.P., Sgroi, Miller and LaSalle, JJ., concur.