Blumencranz v Botter (2020 NY Slip Op 02452)





Blumencranz v Botter


2020 NY Slip Op 02452


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-03884
 (Index No. 15489/11)

[*1]Lisa Blumencranz, respondent, 
v
Allan S. Botter, etc., appellant.


Abrams Garfinkel Margolis Bergson, LLP, New York, NY (Robert J. Bergson and Andrew W. Gefell of counsel), for appellant.
Herzfeld & Rubin, P.C., New York, NY (Miriam Skolnik and Sharyn Rootenberg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered March 28, 2017. The order denied the defendant's motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action alleging, inter alia, that the defendant committed legal malpractice in the prosecution of an underlying matrimonial action. The plaintiff alleged, among other things, that the defendant's negligent legal advice resulted in an unfavorable, binding stipulation of settlement in the underlying action. In moving for summary judgment dismissing the amended complaint, the defendant argued, inter alia, that the plaintiff voluntarily entered into the stipulation of settlement, and that his actions did not proximately cause the plaintiff to sustain damages. The Supreme Court denied the defendant's motion, and the defendant appeals.
"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442, quoting McCoy v Feinman, 99 NY2d 295, 301). In order to be entitled to summary judgment, the movant "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Here, the defendant failed to demonstrate the absence of triable issues of fact as to whether his actions in advising the plaintiff with regard to the stipulation of settlement evidenced a failure on his part to exercise the requisite level of skill and knowledge, and whether those actions were a proximate cause of any damages incurred by the plaintiff. Since the defendant failed to meet his prima facie burden, we agree with the Supreme Court's determination denying his motion for summary judgment dismissing the amended complaint (see Birnbaum v Misiano, 52 AD3d 632, [*2]634), regardless of the sufficiency of the plaintiff's opposition papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court