Fricano v Law Offs. of Tisha Adams, LLC (2021 NY Slip Op 03306)





Fricano v Law Offs. of Tisha Adams, LLC


2021 NY Slip Op 03306


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2017-01791
 (Index No. 156585/14)

[*1]Deneen Fricano, et al., respondents,
v
Law Offices of Tisha Adams, LLC, et al., appellants.


Law Offices of Tisha Adams, LLC, Staten Island, NY (Tisha N. Adams pro se of counsel), appellant pro se and for appellant Tisha Adams.
Craig A. Blumberg, New York, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated January 19, 2017. The order, insofar as appealed from, denied that branch of the defendants' motion which was, in effect, for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2014, the plaintiffs, Deneen Fricano and Lakeside Investment Group, LLC (hereinafter Lakeside), commenced this action against the defendants, Tisha Adams and the Law Offices of Tisha Adams, LLC, to recover damages for legal malpractice and breach of contract. The plaintiffs alleged that they are the owners of real property located on Staten Island, which, in August 2011, incurred certain wind and water damage. The plaintiffs also alleged that, at the time of the incident, the property was insured by an insurance policy (hereinafter the insurance policy) underwritten by Travco Insurance Company (hereinafter Travco). According to the plaintiffs, Fricano retained the defendants to represent both of them on their claim for coverage under the insurance policy, and when Travco refused to pay the claim, the defendants committed legal malpractice by failing to commence an action against Travco within the two-year period required by the insurance policy.
The defendants moved, inter alia, in effect, for summary judgment dismissing the complaint, contending, among other things, that Fricano had fraudulently represented herself as the owner of the property in order to procure a homeowner's insurance policy. By order dated January 19, 2017, the Supreme Court, inter alia, denied that branch of the defendants' motion which was, in effect, for summary judgment dismissing the complaint. The defendants appeal.
"'In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages'" (Iannucci v Kucker & Bruh, LLP, 161 AD3d 959, 960, quoting Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442). It is the [*2]defendants' burden, as the party moving for summary judgment, to demonstrate their prima facie entitlement to judgment as a matter of law by submitting evidence conclusively establishing their defense to the action; merely pointing out gaps in the plaintiffs' proof is not sufficient (see Bakcheva v Law Off. of Stein & Assoc., 169 AD3d 624, 625; Iannucci v Kucker & Bruh, LLP, 161 AD3d at 960). In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmovant (see Pearson v Dix McBride, LLC, 63 AD3d 895, 895). "The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (id. at 895 [internal quotation marks omitted]).
Here, the defendants failed to eliminate triable issues of fact as to whether their attorney-client relationship with Fricano included litigation of her insurance claim. The undated copy of an alleged retainer agreement between the defendants and Fricano, which is not signed by Adams, submitted in support of the defendants' motion for summary judgment, failed to establish, prima facie, that the defendants did not undertake to represent Fricano in litigation against Travco (see Terio v Spodek, 63 AD3d at 721). Further, while the defendants met their initial burden of demonstrating that they had no contract or relationship with Lakeside (see Moran v Hurst, 32 AD3d 909, 911), viewing the evidence in the light most favorable to the plaintiffs, the plaintiffs' submissions in opposition raised a triable issue of fact as to whether Adams's words and actions created a contract and/or an attorney-client relationship between the defendants and both Fricano and Lakeside (see Biberaj v Acocella, 120 AD3d 1285, 1287; Terio v Spodek, 63 AD3d at 721).
The defendants also failed to establish, as a matter of law, that the plaintiffs could not have prevailed in an action against Travco (see Blumencranz v Botter, 182 AD3d 568, 569; see also 83 Willow, LLC v Apollo, 187 AD3d 563, 564). In support of their motion for summary judgment, the defendants did not submit a complete copy of the insurance policy, nor a copy of the underlying application for insurance coverage, and thus did not prove that Fricano misrepresented herself to Travco such that the plaintiffs would not have succeeded in a litigation disputing Travco's denial of their claim. Moreover, even if there were no dispute as to whether Fricano made the alleged misrepresentation, the materiality of such alleged misrepresentation typically is a question of fact for the jury (see Liang v Progressive Cas. Ins. Co., 172 AD3d 696, 698; Zilkha v Mutual Life Ins. Co. of N.Y., 287 AD2d 713, 714).
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was, in effect, for summary judgment dismissing the complaint.
The defendants' remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court