Napoli v Rubin (2021 NY Slip Op 06180)





Napoli v Rubin


2021 NY Slip Op 06180


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-03990
 (Index No. 604127/17)

[*1]Paul J. Napoli, respondent,
v
Denise A. Rubin, appellant.


Rubin Law, PLLC, New York, NY (Denise A. Rubin pro se of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated February 1, 2018. The order, insofar as appealed from, in effect, denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In March 2017, the plaintiff commenced this action to recover damages for legal malpractice, breach of fiduciary duty, and violation of Judiciary Law § 487. The plaintiff moved to dismiss the defendant's counterclaims, and the defendant cross-moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court, inter alia, in effect, denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint. The defendant appeals.
On a motion for summary judgment, the moving party must "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324). The failure to make such a showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (see id. at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Here, the defendant failed to establish her prima facie entitlement to judgment as a matter of law. Therefore, the Supreme Court properly denied that branch of her cross motion which was for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiff's opposition papers (see Blumencranz v Botter, 182 AD3d 568, 569; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
We decline the defendant's request pursuant to 22 NYCRR 130-1.1 to impose sanctions based on the plaintiff's allegedly frivolous conduct.
CHAMBERS, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court