Schultheis v Arcate (2023 NY Slip Op 02691)

Schultheis v Arcate

2023 NY Slip Op 02691

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-06545
 (Index No. 600194/20)

[*1]John Schultheis, respondent, 
v
Ronald J. Arcate, etc., et al., appellants.

George A. Huwel, Hampton Bays, NY, for appellants.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust on real property, the defendants appeal from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated August 6, 2021. The order denied the defendants' motion for summary judgment dismissing the complaint and on their counterclaim for sanctions.
ORDERED that the order is affirmed, without costs or disbursements.
In January 2020, the plaintiff commenced this action, inter alia, to impose a constructive trust, alleging that the defendants fraudulently induced him to transfer the deed to certain real property located on Westneck Road in Shelter Island (hereinafter the subject property). The plaintiff claimed that the defendants Alberto Figuccio and Erminia Sauro loaned him approximately $95,000 to satisfy his mortgage loan in order to save the subject property from foreclosure, and that their daughter, the defendant Patricia Figuccio, a friend of the plaintiff, asked that the deed to the subject property be transferred as "security" for her parents until the loan was paid in full. However, subsequent to the transfer, the plaintiff was served with a notice to quit the subject property and eviction paperwork.
The defendants joined issue by filing an answer, which, among other things, included a counterclaim for sanctions. The defendants then moved for summary judgment dismissing the complaint and on their counterclaim. In an affidavit submitted in support of the motion, Patricia Figuccio claimed that the plaintiff transferred the deed to the subject property and released all claims of ownership of the subject property in exchange for, inter alia, full satisfaction of the mortgage loan. In an order dated August 6, 2021, the Supreme Court denied the defendants' motion, determining that issues of credibility precluded an award of summary judgment. The defendants appeal.
"On a motion for summary judgment, the moving party must 'make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (Napoli v Rubin, 199 AD3d 819, 820, quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324). "The failure to make such a showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Napoli v Rubin, 199 AD3d at 820).
"A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Walker v Ryder Truck Rental & Leasing, 206 AD3d 1036, 1037-1038 [internal [*2]quotation marks omitted]). "The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (Spilman v Matyas, 212 AD3d 859, 860 [internal quotation marks omitted]).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law, as their motion papers revealed issues of fact and credibility that cannot be resolved on a motion for summary judgment (see Walker v Ryder Truck Rental & Leasing, 206 AD3d at 1038). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint and on their counterclaim for sanctions, regardless of the sufficiency of the plaintiff's opposition papers (see Napoli v Rubin, 199 AD3d at 820).
BRATHWAITE NELSON, J.P., ZAYAS, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court