## De Beras-Cotes v CPC Norfolk Senior Hous. Dev. Fund Corp.

2024 NY Slip Op 34565(U)

December 19, 2024

Supreme Court, Kings County

Docket Number: Index No. 532592/2021

Judge: Devin P. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**Supreme Court of the State of New York**
**County of Kings**

Part LL1

---

TOMAS DE BERAS-COTES,

Plaintiff,

against

CPC NORFOLK SENIOR HOUSING DEVELOPMENT FUND
CORPORATION, GO NORFOLK LLC, MONADNOCK
CONSTRUCTION, INC., AND JNJ REBAR, LLC,

Defendants.

---

**Index Number  532592/2021**
Seq. 002

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers
considered in the review of this Motion

**Papers Numbered**
Notice of Motion and Affidavits Annexed . . . . . __1__
Order to Show Cause and Affidavits Annexed. ____
Answering Affidavits . . . . . . . . . . . . . . . . . . . __2__
Replying Affidavits . . . . . . . . . . . . . . . . . . . . __3__
Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . __Var.__
Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ____

Based on the foregoing papers, defendants' motion for summary judgment (Seq. 002) is decided as follows:

**Procedural Posture**

Plaintiff commenced this action to recover for damages he claims to have sustained on December 3, 2021, when he fell at a construction site located at 64 Norfolk Street, New York, NY 10002 (the premises). The parties entered a stipulation on April 15, 2022, agreeing that for the purposes of this lawsuit, CPC Norfolk Senior Housing Development Fund Corporation (CPC) owned the premises. It is undisputed that Go Norfolk LLC (Go Norfolk) was also an owner for the purposes of the Labor Law. It is further undisputed that the owners contracted with Monadnock Construction Inc. (Monadnock) to provide construction services, and that Monadnock sub-contracted Long Island Concrete (LIC) as a concrete sub-contractor. LIC sub-contracted JNJ Rebar, LLC (JNJ) to install re-bar as part of LIC's concrete pouring. It is

1

undisputed that plaintiff was employed by LIC and worked at the Norfolk project (Coates EBT at 26).

## Factual Background

The plaintiff testified as follows: On the morning of his accident, plaintiff was tasked with pouring concrete (Coates EBT at 50). Plaintiff was working on the 11th floor of the premises, which was comprised of a layer of plywood with four levels of rebar on top of the plywood (*id.* at 43). After completing a concrete pour, plaintiff broke down the connected concrete hoses and began to take a length of hose to a separate area to clean out the concrete (*id.* at 63–64, 71–72). While carrying the hose through the rebar network, plaintiff testified that his foot was caught in the rebar because the rebar was untied, and he fell (*id.* at 72).

Cazie Pope, plaintiff's co-worker (Pope EBT at 2), testified as follows: The structural rebar for concrete pours is tied off at one-foot intervals (*id.* at 22). Mr. Pope estimated that ninety to ninety-five percent of the rebar was tied together (*id.*). The workers were not taught a specific way to walk across the rebar grid (*id.* at 24). Mr. Pope was working alongside plaintiff on the day he "got hurt" (*id.* at 25), and plaintiff was a competent worker (28).

James Spence, superintendent for the Norfolk Project and representative of the owners, testified that concrete pouring cannot begin until the rebar is tied together because it would compromise the structural integrity of the building (Spence EBT at 72–73). Edward Monroy, structural special inspector for non-party DeSimone Consulting Engineers at the Norfolk Project, testified as follows: Mr. Monroy was responsible for ensuring that the rebar installation was correctly placed (Mr. Monroy EBT at 22–23). Mr. Monroy inspected the rebar the day prior to when the concrete was poured on December 3, 2021, and again on the morning of plaintiff's

2

alleged accident (*id.* at 25, 28). Mr. Monroy also allegedly signed off a report memorializing that he approved the installation of rebar, but the report has not been produced.

## Analysis

### Labor Law § 240 (1)

Defendant's motion for summary judgment on plaintiff's Labor Law § 240 (1) claim is granted without opposition; there is no indication in the record that plaintiff's alleged accident was caused by a qualifying gravity-related risk (*see Castro v Wythe Gardens, LLC*, 217 AD3d 822 [2d Dept 2023]).

### Labor Law § 241 (6)

To prevail on a cause of action pursuant to Labor Law § 241 (6), plaintiff must show that he was (1) on a job site, (2) engaged in qualifying work, and (3) suffered an injury, (4) the proximate cause of which was a violation of an Industrial Code provision (*Moscati v Consolidated Edison Co. of N.Y., Inc.*, 168 AD3d 717, 718 [2d Dept 2019]). Plaintiff's Labor Law § 241 (6) claim is predicated on a violation of Industrial Code 23-1.7 (e), which concerns tripping hazards at a construction site.

Defendant argues that the rebar grid was integral to the work of pouring a concrete floor. Mr. Monroy's and Mr. Pope's affirmations containing the conclusory statement that "rebar and PVC piping . . . were all an integral part of the concrete pour" (Monry aff. at ¶ 10; Pope aff. at ¶ 9) are inadequate to support a motion for summary judgment (*Mitchell v 148th Street Jamaica Condominium*, 221 AD3d 596 [2d Dept 2023]). However, defendant's submission of Mr. Spence's testimony that the rebar needed to be tied down and in place before the concrete pouring could occur and Mr. Monroy's corroborating testimony are sufficient to make out its

3

[* 3]

prima facie case that the rebar grid plaintiff tripped on was integral to his work (*see Mitchell v Caton on the Park, LLC*, 167 AD3d 865, 866 [2d Dept 2018]).

Plaintiff opposes on the basis that, although a rebar grid may have been integral to pouring concrete, untied rebar was not. Plaintiff testified unequivocally that the rebar he tripped on was untied, and provided an affidavit from his co-worker Kerron Williams which corroborates his testimony that the rebar was untied (Williams aff. at ¶ 3). There is no indication in the record that plaintiff was responsible for constructing the rebar grid or ensuring that the rebar was tied down.

The "integral to the work" doctrine "applies only when the dangerous condition is inherent to the task at hand, and not . . . when a defendant or third party's negligence created a danger that was avoidable without obstructing the work" (*Bazdaric v Almah partners LLC*, 41 NY3d 310 [2024]). The function of the court is not to make credibility determinations between two parties on a motion for summary judgment (*see Schultheis v Arcate*, 216 AD3d 1018 [2d Dept 2023]), and here there is a material issue of fact as to whether the rebar on which plaintiff tripped was untied. Therefore, defendant's motion is denied as to plaintiff's Labor Law § 241 (6) claim.

**Labor Law § 200**

Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work" (*Pacheco v Smith*, 128 AD3d 926, 926 [2d Dept 2015]). Thus, claims for negligence and for violations of Labor Law § 200 are evaluated using the same negligence analysis (*Ortega v Puccia*, 57 AD3d 54, 61 [2d Dept 2008]). "Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the

4

accident or had actual or constructive notice of the dangerous condition that caused the accident" (*id.*). "When a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*id.*).

There is, as noted in the above section on Labor Law § 241 (6), already a material question of fact about whether the rebar was untied. The following analysis therefore concerns whether, even if the rebar were untied, defendants would be entitled to summary judgment on plaintiff's Labor Law § 200 claim. Defendants contend that this case should be categorized as a means and methods case for the purpose of Labor Law § 200 analysis; plaintiff contends that the case should be analyzed under a dangerous condition analysis. Therefore, the court must determine whether plaintiff's claim is viable under either analysis (*see Reyes v Arco Wentworth Management Corp.*, 83 AD3d 47 [2d Dept 2011]).

With respect to defective methods and materials, defendants contend that they did not direct, control, or supervise plaintiff's work, but that LIC did. However, this argument misarticulates the standard under Labor Law § 200. A party need not have actually directed or controlled the work, but rather must have possessed the *authority* to direct and supervise the work. That duty cannot be delegated, even if the contractor hires sub-contractors to assist in its accomplishment (*Tomyuk v. Junefield Assoc.*, 57 AD3d 518, 520 (2d Dept. 2008]). Since Mr. Spence admitted that he was present on the site and since JNJ Rebar was responsible for installing the rebar, there are minimally questions of fact about whether Monadnock and JNJ had authority over the work (tying the rebar grid) that plaintiff alleges caused his injury. There is no evidence, however, that CPC and Go Norfolk (the owners) had authority at the site.

5

[* 5]

With respect to analyzing the untied rebar as a dangerous condition, "a defendant may be liable under Labor Law § 200 if it either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition" (*Estrella v ZRHLE Holdings, LLC*, 218 AD3d 640 [2d Dept 2023]). Since Mr. Spence was present on the site and because JNJ was responsible for installing the rebar, there are again minimally questions of fact as to whether Monadnock had notice (actual or constructive) of untied rebar and whether JNJ caused or created the dangerous condition. The motion is denied as to these entities.

Defendants' motion is granted, however, as to CPC Norfolk and Go Norfolk. The owners did not retain Mr. Monroy's company, did not have representatives on site, and therefore were not on notice of a potentially dangerous condition (*see Ortega, supra* at 61). Plaintiff's Labor Law § 200 claims are dismissed against the owners.

**Conclusion**

Defendants' motion for summary judgment (Seq. 002) is granted as to plaintiff's Labor Law § 240 (1) claim as to all defendants and his Labor Law § 200 claim as against the owners only; the motion is otherwise denied.

This constitutes the decision and order of the court.

_____December 19, 2024_____
**DATE**

**DEVIN P. COHEN**
Justice of the Supreme Court

6

[* 6]