NYU Langone Hosps. v Robinson (2025 NY Slip Op 00666)

NYU Langone Hosps. v Robinson

2025 NY Slip Op 00666

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-02411
 (Index No. 717738/19)

[*1]NYU Langone Hospitals, plaintiff, 
v
Guy Robinson, defendant third-party plaintiff-respondent; Local 854 Health & Welfare Fund, third-party defendant-appellant.

Friedman & Anspach, New York, NY (Jae W. Chun and Jess Hallam of counsel), for third-party defendant-appellant.
Douglas & London P.C. (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action, inter alia, to recover on an account stated, the third-party defendant appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered January 18, 2023. The order, insofar as appealed from, denied that branch of the third-party defendant's motion which was pursuant to CPLR 3211(a) to dismiss so much of the third-party complaint as sought to recover unpaid benefits.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The third-party plaintiff, Guy Robinson, commenced this third-party action, inter alia, pursuant to 29 USC § 1132(a)(1)(B) against Local 854 Health & Welfare Fund (hereinafter the Fund), an employee benefit fund of which he was a participant, seeking to recover unpaid benefits for certain hospital care he received as a result of a motor vehicle accident. The Fund moved, among other things, pursuant to CPLR 3211(a)(1) and (7) to dismiss so much of the third-party complaint as sought to recover unpaid benefits. In an order entered January 18, 2023, the Supreme Court, inter alia, denied that branch of the motion. The Fund appeals.
Pursuant to CPLR 3211(a)(1), dismissal is warranted only if "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Russo v Crisona, 219 AD3d 920, 922, quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). Where evidentiary material is considered in connection with a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, dismissal should not eventuate "unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Guggenheimer v Ginzburg, 43 NY2d 268, 275).
The Fund failed to meet either of these standards for dismissal on its motion. The Fund contended that the documentary evidence conclusively established a defense as a matter of law to the claim for benefits or that Robinson had no such cause of action because he failed to execute a subrogation agreement as a condition precedent under the "Summary Plan Description" (hereinafter [*2]SPD) to the payment of benefits. However, the Fund only attached portions of the SPD to its motion. Since the Fund failed to attach the document in its entirety, its evidence was inconclusive, and failed to establish that Robinson had no cause of action (see Fricano v Law Offs. of Tisha Adams, LLC, 194 AD3d 1016, 1018; Crutch v 421 Kent Dev., LLC, 192 AD3d 982, 983-984).
For these reasons, we affirm the order insofar as appealed from.
CONNOLLY, J.P., IANNACCI, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court