Suarez Med., PLLC v Nationwide Ins. (2025 NY Slip Op 51996(U))

[*1]

Suarez Med., PLLC v Nationwide Ins.

2025 NY Slip Op 51996(U)

Decided on December 16, 2025

Civil Court Of The City Of New York, Kings County

Roper, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 16, 2025
Civil Court of the City of New York, Kings County

Suarez Medical, PLLC
A/A/O ANDREW, AMANDA P., Plaintiff(s),

against
Nationwide Ins., Defendant(s).

Index No. CV-726274-22

The Rybak Firm PLLC, Brooklyn, for Plaintiff.
Hollander Legal Group, P.C., Melville, for Defendant.

Sandra E. Roper, J.

Recitation, as required by CPLR §2219(a) of the papers considered in review of this Motion:
Papers
P's motion for summary judgment 1
D's XM for summary judgment 2
P's opposition 3
Upon the foregoing cited papers, and after oral argument made on the Record on December 11, 2025, the Decision/Order on Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment is as follows:
Plaintiff's motion is GRANTED to the extent that Plaintiff establishes its prima facie case for all purposes.
Defendant's cross-motion is DENIED.
Under CPLR § 3212(b), a court may grant summary judgment only where the movant establishes its cause of action or defense sufficiently to warrant judgment as a matter of law, and must deny the motion if any party shows facts requiring a trial of any issue of fact (see CPLR § 3212[b]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Summary judgment is a drastic remedy and should be granted only where no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The proponent bears the initial burden of making a prima facie showing of entitlement to judgment by tendering evidence that eliminates any material issues of fact; failure to do so requires denial regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]). In deciding the motion, the court must view the evidence in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences (see Vega, 18 NY3d at 503; De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]; Pearson v Dix McBride, LLC, 63 AD3d 895, 895 [2d Dept 2009]).
Defendant premises its argument on a transcript of the examination under oath ("EUO") of Plaintiff Owner taken on September 16, 2019, that although unsigned was sent to the witness for execution on October 19, 2019 and November 15, 2019 in accordance with CPLR 3116(A). Defendant's position that at the September 16, 2019 EUO, in lieu of completing the EUO and subjecting Plaintiff to the verification process afforded by the New York State No-Fault Statute, Plaintiff Owner, in his capacity as sole shareholder of Plaintiff, agreed to withdraw, "any and all claims that were submitted to Nationwide or any of its' subsidiaries and affiliates with respect to any date of service September 16, 2019 or prior," including "any claims . . . that currently have been submitted to Nationwide or may in the future be submitted to Nationwide " (tr at 123, lines 3-24). However, on the very next page of the transcript it is indicated that a separate affidavit of waiver of previous claims or walk-away would be prepared afterward (tr at 123, lines 7-17). Defendant failed to proffer any such document to be considered herein. 
Defendant's sole reliance on the alleged admissions against interest contained within the transcript is misplaced. Most notably, contained therein was the reporter's on the record notation as to an off the record discussion prior to Plaintiff Owner's statements of withdrawal of claims, which in and of itself raises greater than a mere scintilla of a triable issue of fact to defeat judgment as a matter of law. Indeed, Plaintiff Owner's assent to withdraw all prior claims is insufficient, particularly where the EUO was held for different and distinct claimants, claims and claim numbers than in this instant matter. Rather, it is Plaintiff Owner's intent in making those statements which becomes the gravamen herein. It is well established, issues as to state of mind intent are issues of fact to be determined at trial and not determinable for judgment as a matter of law. Thus, Defendant failed to satisfy its burden for judgment as a matter of a law in the first instance. However, in response to Defendant's further argument that in the Plaintiff Owner's rebuttal affirmation he never addressed his admissions in the transcript, This Court arguendo hypothesized that if indeed Defendant had met its' burden for judgment as a matter of law in the first instance, upon shifting of the burden in rebuttal, Plaintiff would have absolutely met its burden to defeat Defendant's judgement as a matter of law, since his mere making of the affirmation and not the contents contained therein, is sufficient to show inconsistency of intent. Nevertheless, This Court reiterates its finding that Defendant failed to meet its burden in the first instance obviating the shifting of the burden of rebuttal to Plaintiff.
Accordingly, this matter is to proceed to trial as to Defendant's prima facie and defenses.
This constitutes the decision and order of the Court.
The undersigned attorneys certify that none of the cases cited within this case or this motion were drafted using, in any capacity, generative artificial intelligence programs, pursuant to In Augustin v. Formula 3 Brook, Inc., 2025 NY Misc. LEXIS 6143, 2025 NY Slip Op 51113(U), 86 Misc 3d 1236(A) (Kings Co. Sup. Ct. July 26, 2025).
Counsel for Plaintiff - Printed Name and Initials: Richard Rozhik, RR.
Counsel for Defendant - Printed Name and Initials: Christopher Volpe, CV
DATE December 12, 2025
HON. SANDRA E. ROPER